


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY D. ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1346** |
| **STATE OF LOUISIANA** | **SECTION "A" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for preliminary review and for conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition.[1] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

Petitioner, Ashley D. Robinson, is a state pretrial detainee.[2] The record reflects that he is detained pending his trial on a charge of second degree cruelty to juveniles in violation of La.Rev.Stat.Ann. § 14:93.2.3.

---

1 Rec. Doc. 2.

2 Petitioner was detained within this district at the time he filed the instant application; however, he was subsequently transferred to the Catahoula Correctional Center, Harrisonburg, Louisiana. Because jurisdiction attached at the time of filing, petitioner's subsequent transfer did not destroy this Court's jurisdiction in this case. McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978); Smith v. Fleming, No. CIV. A. 4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. 2002).



On March 22, 2005, petitioner filed with this Court an application for a writ of *habeas corpus*.[3] Because he is a pretrial detainee, his petition is construed as having been filed pursuant to 28 U.S.C. § 2241. Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

The first step in the consideration of petitioner's federal application is to decipher his claim for relief. In its response, the state contends that petitioner is arguing that he is being denied his right to a speedy trial in violation of La.C.Cr.P. art. 701. The Court rejects that interpretation of petitioner's claim. As the state acknowledges, petitioner does not cite article 701, and he at no point in his petition refers to the right to a speedy trial.

Rather, in his federal application, petitioner contends that his prosecution was not instituted within the prescribed time limit. In addition, he expressly cites La.C.Cr.P. art. 577 which concerns only the timely institution of a prosecution. He also cites La.C.Cr.P. arts. 532(7) and 535(A)(4) which concern that same issue. Accordingly, this Court finds that petitioner is claiming not that he has been denied a speedy trial but rather that his prosecution was not instituted within the time allowed by state law.

The United States Fifth Circuit Court of Appeals has held:

---

[3] The state correctly notes in its response that petitioner erred in naming the State of Louisiana rather than his custodian as the respondent in these proceedings. However, the state is incorrect in arguing that petitioner's error justifies dismissal of the petition. "Failure to name a proper respondent is a procedural rather than a jurisdictional defect, and it may be corrected by amendment of the petition." West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973). If the writ were going to be granted in this case, the Court should of course require such amendment and allow the custodian the opportunity to be heard. However, in that the writ should not issue in this case, "there is no purpose in spinning out this proceeding further." Reimnitz v. State's Attorney, 761 F.2d 405, 409 (7th Cir. 1985); see also McMaster v. City of Troy, No. 88-1715, 1990 WL 116540, at *4 (6th Cir. 1990) (unpublished).

> The statute of limitations is the principal device that protects a defendant from prejudice arising from a lapse of time between the commission of a crime and an indictment or arrest. Statutes of limitation represent legislative assessments of the relative interest of the state and the defendant in administering and receiving justice.
>
> The Supreme Court has declared, however, that the due process clause also plays a limited role in protecting against the prejudice of preindictment delay. Where the possibility of prejudice derives from preindictment delay, a defendant in a criminal case must first resort to the applicable statute of limitations. Any claims of actual prejudice in violation of the due process clause of the fourteenth amendment are only examined where the applicable statute of limitations fails to offer relief for the preindictment delay.

Dickerson, 816 F.2d at 228 (citations, quotation marks, and brackets omitted). Because the state has failed to provide this Court with a copy of the charging instrument in the instant case, it is unclear whether the prosecution was in fact instituted within the applicable statute of limitations.

Nevertheless, even without that information, it is apparent that federal *habeas corpus* relief is not warranted. In Dickerson, the Fifth Circuit went on to hold that "[f]ederal habeas relief should not be used as a pre-trial motion forum for state prisoners." Dickerson, 816 F.2d at 229. The Court explained:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons that prevent a defendant's sixth amendment [speedy trial] claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth amendment due process claim as well as his sixth amendment speedy trial claim in state court at trial where they can be considered.

Dickerson, 816 F.2d at 229.

Petitioner does not identify, and this Court cannot discern the existence of, any "special circumstances" that would warrant federal *pretrial* intervention to potentially derail petitioner's ongoing state criminal proceedings by considering the merits of his due process defense to the criminal charge he faces. That fact, coupled with concerns of federalism, leads the undersigned to conclude that petitioner is not entitled to *habeas corpus* relief under 28 U.S.C. § 2241.[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of **Ashley D. Robinson** for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of February, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] However, the Court notes that "a habeas corpus remedy remains available to [petitioner] after the conclusion of the state proceedings against him, if he is in custody pursuant to conviction and has exhausted state court remedies." Dickerson, 816 F.2d at 229 n.16; see also 28 U.S.C. § 2254.